UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFERSON DARRIN SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-02729-TWP-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Jefferson D. Smith ("Smith"). For the reasons explained in this Order, the motion is **DENIED** and dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I.	SECTION 2255 MOTION STANDARDS

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2017, Smith was charged in this Court in a two-count Information with: knowingly coercing or enticing a minor, in violation of 18 U.S.C. §§ 2422(b) and 2260(A), (Count One: Coercion or Enticement of a Minor); and, attempted receipt of visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), (Count Two: Attempted Receipt of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct). Crim. Dkt. 24. The Information contained a Special Allegation that charged Smith with penalties because he committed the offenses while registered as a sex offender. *See* 18 U.S.C. § 2260A; Crim. Dkt. 24. Federal Public Defender, Joseph Cleary, was appointed to represent Smith. Crim. Dkt. 8.

On May 9, 2017, Smith filed a petition to enter a plea of guilty and plea agreement was filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Crim. Dkt. 30. In the plea agreement, Smith agreed to plead guilty to all the crimes charged in the Information and the Special Allegation. *Id.* at 1-2. In addition, he stipulated to the facts supporting his plea of guilty, waived his right to file a direct appeal and, other than claims of ineffective assistance of counsel, waived his right to challenge his conviction or sentence in a post-conviction motion. *Id.* at 10, 13, 18-19. Smith stated that he understood that he was facing a possible life sentence on Count One alone. *Id.* at 2. However, under the terms of the plea agreement, the United States stipulated that it would recommend a sentence of 444 months' imprisonment and that the minimum sentence Smith could receive was 240 months' imprisonment. *Id.* at 6. The parties acknowledged that while they were

2

bound by the recommendations, the Court was not, and that the Court could use its discretion to fashion a sentence "higher or lower than any recommendation of either party." *Id.* at 4-5.

Smith declared that: he had read the entire plea agreement and discussed it with his attorney; he understood the terms of the plea agreement; no person had made any promises to him that he would receive a lighter sentence if he would plead guilty except as provided in the agreement; and that, he makes no claim of innocence and was entering the agreement freely and voluntarily because he is guilty. *Id*. at 20-22. He further asserted that: his attorney informed, counseled, and advised him as to the nature and cause of every accusation against him and to any possible defenses; he was satisfied with his attorney's representation during all phases of his case; and his attorney had done all that he could to counsel and assist him. *Id*.

Counsel certified that he had read and fully explained to Smith "all the accusations against [Smith]." *Id*. at 23. Counsel also stated that Smith's plea of guilty "accords with [his] understanding of the facts as related to [him] by [Smith] and is consistent with [his] advice to [Smith]." *Id.*

In exchange for Smith's plea of guilty, the United States agreed to a dismiss a charge of possessing visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(b) and (b)(2), that was charged in an earlier criminal complaint. Crim. Dkt. 2. The United States also agreed to charge Smith with coercion or enticement rather than sexual exploitation of a minor which would have subjected Smith to a mandatory life sentence if found guilty. Crim. Dkt. 55 at 70. The United States also agreed to recommend a sentence of 444 months, instead of the maximum life sentence as provided for in § 2422(b). Crim. Dkt. 30 at 2, 6.

Smith's combined plea and sentencing hearing occurred on September 5, 2017. At the hearing, Smith again verified that he had discussed the charges against him with his attorney.

3

Crim. Dkt. 55 at 6. He affirmed that he had read the plea agreement and discussed it with his attorney and felt he understood the terms of the agreement. *Id*. at 9-10. He confirmed that no one had forced him or made any threats to get him to plead guilty, and that he was pleading guilty of his own free will because he was guilty. *Id*. at 9-10. He acknowledged that he understood that the Court was not bound by the recommendations of the parties and that the Court could "impose a sentence either higher or lower than any recommendation that [Smith or trial counsel] make, or … that [the prosecution] makes." *Id.* at 16.

Following the plea colloquy, and based on Smith's acknowledgments of understanding, the Court accepted Smith's plea of guilty. The Court specifically found that Smith was entering his plea knowingly and voluntarily and that his plea was supported by an independent factual basis that contains each of the essential elements of the offenses. *Id*. at 35-36. And during the sentencing portion of the combined hearing, Smith apologized to the victims and their families and stated, "There is no one to blame for this but myself. I did this, and I take full responsibility for the crimes I plead to today." Crim. Dkt. 55 at 52.

The Court determined that under the advisory Sentencing Guidelines, Smith's guideline range was 235 to 293 months' imprisonment plus 120 months for the special allegation, which was required to be served consecutively. *Id*. at 39-40. In keeping with the terms of the plea agreement, the Court sentenced Smith to 288 months' imprisonment on Counts One and Two to be served concurrently, and 120 months on the special allegation, to be served consecutively, for an aggregated total of 408 months' imprisonment. *Id*. at 73-74; Crim. Dkt. 50.

Judgment was entered on September 14, 2017. Crim. Dkt. 50. Smith did not appeal his conviction and sentence.

On September 4, 2018, Smith filed the pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Dkt. 1. The United States filed a response. Dkt. 11. Smith did not file a reply, and the time to do so has passed.

### III. DISCUSSION

Smith seeks relief pursuant to § 2255 arguing that his trial counsel provided ineffective assistance of counsel by: (1) bullying him to get the plea deal signed and constantly telling him that failure to sign the plea deal could result in a trial with life sentences; and (2) making false promises on the charges that would be pleaded to and the total length of the sentence served. Dkt. 1 at 5. Smith separately complains about the forfeiture of the property seized by the government, *id.* at 6, and argues that his sentence is excessive, *id.* at 8.

In response, the United States argues that Smith's trial counsel provided effective assistance of counsel and that his other claims are waived under the terms of his plea agreement and by his knowing and voluntary pleas of guilty. Dkt. 11.

#### A. Waiver of § 2255 Motion

The United States argues that Smith waived his rights to challenge his conviction and sentence in a § 2255 motion, except for claims of ineffective assistance of counsel. Smith argues that his plea was not knowing or voluntary.

Smith's plea agreement included a specific provision where he agreed:

> not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the Government reserves the right to oppose the motion on any other grounds, and reserves the right

to assert this waiver as a bar to an appeal from the District Court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

Crim. Dkt. 30 at 19.

For a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).

Here, Smith argues that his plea was not voluntary because his lawyer pressured him to take the plea and made false promises on charges that would be pleaded to and what the total length of the sentence to be served would be. Dkt. 1 at 5. However, Smith's contentions "[are] belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("*Nunez I*") ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

6

During the plea and sentencing hearing on September 5, 2017, Smith was placed under oath and was informed that if he answered any questions falsely, those answers may later be used against him in another prosecution for either perjury or making a false statement. Crim. Dkt. 55 at 5. The Court reviewed the charge and the penalties Smith faced, and he responded that he understood and wished to agree to and accept the plea agreement. *Id.* at 6-8. The Court confirmed with Smith that Smith had sufficient time to talk to his trial counsel about the United States' evidence against him in this case, that he had discussed with his trial counsel about his defenses, and that Smith was fully satisfied with the representation and advice given by his counsel. *Id.* at 8. Smith also stated that he had the opportunity to read and fully discuss the plea agreement with his lawyer before he signed it and that he understood the terms and conditions of the plea agreement. *Id.* at 9. The Court then inquired as to whether Smith was pleading guilty of his free will, free from threats, coercion or any promises or assurances other than what was contained in the plea agreement:

> THE COURT: Did anyone use any force or make any threats to get you to plead guilty?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Has anyone made any promises or assurances, other than what's contained in the plea agreement, to –
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: -- persuade you to plead guilty?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Are you pleading guilty of your own free will and because you are, in fact, guilty?
>
> THE DEFENDANT: Yes, ma'am.

*Id*. at 9-10. Smith confirmed he understood the rights he was giving up by pleading guilty. *Id.* at 10-12. The Court discussed, and Smith confirmed, that he understood the government would recommend a sentence of 444 months, and Smith and his lawyer were going to recommend the minimum sentence of 240 months. *Id*. at 11. The Court then walked through the plea agreement, confirming at each step that Smith understood the plea agreement. *Id.* at 12-35. The Court also reviewed the factual basis with Smith, who confirmed that everything was truthful. *Id.* at 23-28. Smith also testified that he understood the potential sentence and that the Court could impose a sentence other than the parties' recommendations. Finally, he confirmed that he agreed to waive his right to an appeal or to challenge his conviction or sentence in a § 2255 motion, except for claims of ineffective assistance of counsel. *Id.* at 32-34. Having done so and having heard Smith's guilty plea, the Court found that:

> It is the finding of the Court, in the case the United States of America versus Jefferson Smith, that Mr. Smith is fully competent and capable of entering an informed plea, the defendant is aware of the nature of the charges and the consequences of his plea. The plea of guilty is knowing and voluntary, it is supported by an independent basis in fact that contains each of the essential elements of the offenses. The plea is therefore accepted and the defendant is now adjudged guilty of Count 1, coercion or enticement of a minor; Count 2, attempted receipt of visual depictions of a minor engaged in sexually explicit conduct; and the special count, penalties for a registered sex offender.

*Id.* at 35-36.

Smith fails to provide a compelling reason why the statements he made to the court are now false. Despite several opportunities to do so during the change of plea hearing, Smith never objected to the plea agreement, never informed the Court he was dissatisfied with his attorney or asserted that his guilty plea was not knowing or voluntary. Rather, he stated that he was pleading guilty of his own free will and having understood his charge and the potential sentencing. His statements to the court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d

8

412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

Without more, Smith cannot now allege that his plea was involuntary when he testified at his plea hearing that he understood the plea and that he was entering into it voluntarily. Accordingly, Smith's allegation that his plea was not knowing or voluntary must be rejected. Because Smith's waiver precludes relief except for any claims of ineffective assistance of counsel, no habeas relief is available to Smith on his claim that his sentence is excessive.

### B. Ineffective Assistance of Counsel

Smith alleges that his trial counsel provided ineffective assistance of counsel by: (1) bullying him to get the plea deal signed and constantly telling him that failure to sign the plea deal could result in a trial with life sentences; and (2) making false promises on the charges that would be pleaded to and the total length of the sentence served. Dkt. 1 at 5.

A petitioner claiming ineffective assistance of counsel bears the burden of showing: (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United*

9

*States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The record here reflects that Smith understood the consequences of his guilty plea and understood the exposure he faced if he did not plead guilty. *See generally* dkt. 55. Moreover, the Court reviewed the charges Smith was pleading guilty to, and he acknowledged the elements and the factual basis before pleading guilty. Smith also understood that the plea agreement called for a recommended sentence of 240 months to 444 months' imprisonment. *Id.* at 40. He was ultimately sentenced to 408 months, within the proposed guideline range – albeit on the higher end. There is no support for Smith's assertion that his counsel made false promises on the charges that would be pleaded to and the total length of the sentence served.

Nor is there support for Smith's assertion that he was bullied into signing a plea deal because his counsel told him failure to sign the plea deal could result in a trial with life sentences. It appears that his trial counsel was, in fact, an effective counsel because Smith faced a ***mandatory life sentence*** if he had proceeded to trial and been convicted of sexual exploitation of a child. Dkt.

55 at 70. Instead, in exchange for Smith's guilty plea, the United States agreed to charge Smith with coercion or enticement rather than sexual exploitation of a minor. *Id.* In sentencing Smith, the Court noted:

> Mr. Smith is a repeat and dangerous sex offender. Regardless of the guideline manual's definition, both the instant federal case and his Colorado conviction encompass the exact same conduct. The defendant contacts a female minor via a Web site, portrays himself to be a photographer, and then begins grooming the minor in an attempt to obtain sexually explicit images. The defendant has attempted this at least three times that we know of, using the DeviantART Web site.

Id. at *78*.

> The defendant is also -- there's evidence that he's a contact sex offender. He admits to previously engaging in sexual activity with a 15-year-old girl in Indianapolis. The defendant received a second chance when he was sentenced in his first sex offense case. Unfortunately, he's proven that he will act upon his maladaptive desires regardless of the consequences. The defendant had only been off of probation less than a year when he committed these crimes.

*Id.* at 80.

Smith failed to submit any evidence to make the necessary showing that he was prejudiced, under *Strickland*, and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, habeas relief is also not available to Smith on the ground that his trial counsel provided ineffective assistance of counsel.

### C. Forfeiture

Smith also challenges the forfeiture of certain property as part of the plea agreement. But in *United States v. Ramsey,* 106 F.3d 404 (7th Cir 1997), the Seventh Circuit made clear that a petitioner is unable to use § 2255 to seek relief from a forfeiture order. He therefore cannot obtain relief from this forfeiture order in this § 2255 case.

## IV. CONCLUSION

For the reasons explained in this Order, Smith is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:17-cr-00077-TWP-TAB-1.** The motion to vacate (Crim. Dkt. 54) shall also be **terminated** in the underlying criminal action.

## V. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Smith has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 5/13/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFERSON DARRIN SMITH
15445-028
YAZOO CITY - MEDIUM FCI
YAZOO CITY MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
YAZOO CITY, MS 39194

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov